# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1713
Lower Tribunal No. 22-337
_____

**C.H., a juvenile,**

Appellant/Cross-Appellee,

vs.

**The State of Florida,**

Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Angelica D. Zayas, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Special Assistant Public Defender, and Daniela Pachon and Maria Perez, Certified Legal Interns, for appellant/cross-appellee.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee/cross-appellant.

Before LOGUE, C.J., and EMAS and FERNANDEZ, JJ.

LOGUE, C.J.

C.H., a juvenile, appeals from a final order withholding adjudication of delinquency and placing him on probation for first-degree misdemeanor

battery and second-degree misdemeanor assault. C.H.'s sole argument on appeal is that the trial court failed to conduct an adequate Richardson[1] inquiry. The State disclosed witness statements to the defense during discovery that stated C.H. repeatedly threatened to kill his mother as he charged her brandishing a metal pipe. The witness testimony at trial, however, was that, when threatening to kill his mother, C.H. referred to her using two vulgar words. Even if the State's failure to disclose these two words constituted a discovery violation, an issue we do not reach, the State's failure to disclose in these circumstances did not "materially hinder[ ] the defense" because the two words were merely cumulative given the enormity of C.H.'s threats. State v. Schopp, 653 So. 2d 1016, 1020 (Fla. 1995).

Affirmed.

---

[1] Richardson v. State, 246 So. 2d 771 (Fla. 1971).